UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA RAMIREZ PADILLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-07408-EMC   (EMC)<br><br>**ORDER GRANTING MOTION FOR REMAND; DENYING FEES**<br><br>Docket No. 11, 23 |

This is a slip and fall case removed by Defendant Costco based on diversity jurisdiction and fraudulent joinder. Dkt. No. 1. Plaintiff sought remand, arguing that Defendant failed to establish diversity jurisdiction due to alleged in-state defendants Steven Chamberlain and "Wayne Doe." Dkt. No. 11. On November 3, 2025, the Court heard oral argument and granted Plaintiff limited jurisdictional discovery into the citizenship of Defendant Steven Chamberlain and the identity of fictitious defendant "Wayne Doe." Dkt. No. 18. Having reviewed Plaintiff's supplemental brief based on this jurisdictional discovery, the Court **GRANTS** the motion for remand and **DENIES** Plaintiff's request for fees under Section 1447(c).[1]

**I.　BACKGROUND**

Plaintiff, a California citizen, filed her complaint on April 2, 2025 in the Superior Court of California, County of Contra Costa, asserting state law counts of general negligence and products liability. Plaintiff's complaint alleges that she slipped and fell at Costco's Concord property due to a "clear liquid substance on the floor" and that this fall was caused by Defendant and its agents'

---

[1] Defendant failed to submit a supplemental brief, as ordered at Dkt. No. 18.

failure to warn or remedy the dangerous condition. Dkt. No. 1-2 at 8. The complaint named as Defendants Steven Chamberlain and Wayne Doe but did not plead any facts about their involvement except that they were "agents and employees" of Costco. *Id.*

Defendant Costco, a Washington citizen, filed its Notice of Removal on September 3, 2025, asserting diversity jurisdiction and fraudulent joinder of in-state Defendants. Defendant provided a declaration from Steven Chamberlain that he lives in Washington, works in Washington at Costco's Issaquah, Washington office, and that Washington is his permanent home. Dkt. No. 1-4 at 2; *see also* Dkt. No. 13-1 at 2. Defendant also provided a declaration from its Pay Roll Clerk that no employee with the *first name* "Wayne" worked at the Concord Costco on the day of the slip and fall incident. Dkt. No. 1-3 at 2. Plaintiff responded with a declaration from counsel providing additional information about Defendant "Wayne Doe," which suggested that this defendant was an identifiable person: William Wayne Thomas, a former manager at the Concord Costco location. Dkt. No. 11-1.

After hearing oral argument, the Court granted jurisdictional discovery into the identities and citizenship of Steven Chamberlain and "Wayne Doe." Dkt. No. 18. Discovery confirmed that Steven Chamberlain, as Costco has maintained, is a Washington citizen without California ties. Dkt. No. 23-1 at 11 (establishing that Mr. Chamberland lives and works in Washington). Plaintiff has thus abandoned her argument that Defendant Chamberlain's citizenship provides a basis for remand. Dkt. No. 23 at 1.

However, the jurisdictional discovery also established that "Wayne Doe" is William Wayne Thomas, who was an Assistant General Manager at the Concord Costco where the slip and fall occurred at the time of the incident. Dkt. No. 23-1. Mr. Thomas is a California citizen. Dkt. No. 23 at 1. He was not working the day of the alleged slip and fall incident. Dkt. No. 23-1.

## II. DISCUSSION

A. <u>Whether Remand Is Required</u>

A defendant may establish fraudulent joinder through "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-

1   diverse party in state court.'"  *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018)
2   (quoting *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).  Under California
3   law, a store manager may be held individually liable for negligence.  *See Perkins v. Blauth*, 163
4   Cal. 782, 787, 127 P. 50 (1912); *PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1381 (2000);
5   *Dirkes v. Sam's W., Inc.*, No. 2:22-cv-03466-JLS-MAR, 2022 U.S. Dist. LEXIS 212995, at *7
6   (C.D. Cal. Sep. 7, 2022).  A manager need not be present at the store on the day of the slip and fall
7   to incur premise liability.  *See Nieves v. Costco Wholesale Corp.*, Case No. CV 22-00977-JD,
8   2022 WL 5199904, at *2 (N.D. Cal. Oct. 5, 2022) (rejecting fraudulent joinder argument and
9   remanding slip-and-fall premises liability case brought against Costco store manager who was not
10  present in the store on the day of the alleged injury).

11  Given that jurisdictional discovery has established that Defendant "Wayne Doe" is indeed
12  a California citizen and was a Costco manager at the relevant Costco at the time of the slip and
13  fall, there is no actual fraud as to this defendant.  Nor can Costco show that Plaintiff would be
14  unable to assert a cause of action for negligence against this defendant in state court.  As noted,
15  California allows for manager liability and Plaintiff has presented authority suggesting that a
16  manager need not be present in a store the day of the injury for premises liability to attach.  There
17  is thus no basis to consider "Wayne Doe" fraudulently joined.

18  The question becomes whether the inclusion of "Wayne Doe" necessitates remand.
19  Typically "the citizenship of fictitious defendants is disregarded for removal purposes." *Soliman*
20  *v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); *see also* 28 U.S.C § 1441(b)(1) ("In
21  determining whether a civil action is removable on the basis of the jurisdiction under section
22  1332(a) of this title [28 USCS § 1332(a)], the citizenship of defendants sued under fictitious
23  names shall be disregarded.").  However, the presence of a fictitious defendant becomes "relevant"
24  when the plaintiff seeks leave to substitute them as a named defendant. *Soliman*, 311 F.3d at 971.
25  Post-*Soliman*, district courts in this circuit remain split on whether, as a matter of procedure and
26  practicality, a plaintiff must seek formal leave to substitute in an identified fictitious defendant via
27  Section 1447(e), or whether it is sufficient for the plaintiff to demonstrate to the court's
28  satisfaction that the fictitious defendant is a placeholder for "a known person who can be readily

United States District Court
Northern District of California

3

identified through discovery." *See Valdez v. Home Depot U.S.A., Inc.*, No. 22-cv-01491-DMR, 2022 U.S. Dist. LEXIS 154180, at *7 (N.D. Cal. Aug. 25, 2022) (collecting cases adopting both positions).

There are sound reasons to take this latter, less formalistic approach: a clearly identifiable placeholder Jane Doe does not raise the gamesmanship concerns that Section 1441(b)(1) is meant to address, especially where, as here, jurisdictional discovery permitted by the Court has confirmed the identity of the Doe defendant. *Id.* at *8. But the Court need not resolve this procedural question because it construes Plaintiff's supplemental brief as seeking leave under Section 1447(e) to join the now identified William Wayne Thomas as a defendant, and the Court finds such leave to be appropriate.

"[A]mendment under § 1447(e) is a less restrictive standard than for joinder under Fed. R. Civ. Proc. 19." *Tetsubayashi v. Indeed, Inc.*, No. 25-cv-05049-RS, 2025 U.S. Dist. LEXIS 173980, at *3 (N.D. Cal. Sep. 5, 2025). Courts consider (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *See e.g.*, *IBC Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000); *see also Palmore v. Walmart Inc.*, No. 3:24-cv-02158-AR, 2025 U.S. Dist. LEXIS 81545, at *6 (D. Or. Mar. 24, 2025) (section 1447(e) analysis for substitution of a Jane Doe defendant should recognize that the defendant is not actually "new" but was "already part of the lawsuit").

In this case, William Wayne Thomas, previously "Wayne Doe", was part of Plaintiff's lawsuit from the outset; Plaintiff simply lacked the information to properly name this defendant. So there are no concerns of unexplained delay, improper motive, or the limitations period. As discussed above, Plaintiff has alleged viable claims against Mr. Thomas under California premises liability law, for which she could recover distinctly from her claims against Costco. To require

1  Plaintiff to pursue such claims in a separate state court action against Mr. Thomas would be
2  unduly prejudicial.  The 1447(e) factors therefore support joinder.
3      With the joinder of Mr. Thomas, a California citizen, there is no longer complete diversity
4  between the parties.  Remand is thus required.

### B. Whether Fees Are Appropriate Under Section 1447(c)

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, at the time of removal, complete diversity existed between all the named defendants. While Defendant Steven Chamberlain was named in the complaint as a California citizen, discovery provided by Costco has confirmed, and Plaintiff now concedes, that Mr. Chamberlain is a Washington citizen who was wrongly named as California citizen.  Dkt. No. 23-1 at 11; Dkt. No. 23 at 1.  As for "Wayne Doe," given that Section 1441(b)(1) explicitly states that fictitious defendants are ignored for the purpose of determining diversity jurisdiction, Costco was not unreasonable in omitting this defendant from its removal analysis.  Plaintiff's complaint did not plead "Wayne Doe"'s identity with a degree of specificity that suggested he was a placeholder for a readily identifiable person.  Costco thus had at the time of removal an objectively reasonable basis to believe that complete diversity existed.

Plaintiff submits that fees are nevertheless merited because Plaintiff's counsel "has good reason to believe, based on conversation with Defendant's counsel during parties' Rule 26(f) Conference, that Defendant Costco requires its counsel in all cases to remove state cases to federal court of the basis of diversity jurisdiction, regardless of the merits of the removal." Dkt. No. 23 at 6.  While evidence of a bad faith litigation strategy *may* constitute unusual circumstances justifying fees, Plaintiff's bare accusation is insufficient to establish such.  *Compare City of N.Y. v. Exxon Mobil Corp.*, 2025 U.S. App. LEXIS 25757, at *20-21 (2d Cir. Oct. 3, 2025).  The fact remains that in the instant case, removal was objectively reasonable at the time Costco removed

5

the case.  The Court accordingly denies Plaintiff's request for fees.

### III. CONCLUSION

Plaintiff's Motion for Remand is **GRANTED**.  Plaintiff's Motion for Fees is **DENIED**.

**IT IS SO ORDERED**.

Dated: December 15, 2025

_____
EDWARD M. CHEN
United States District Judge